Mr. Justice Scott delivered the opinion of the Court. It has been long well settled that, in misdemeanors, there can be no accessories, either before or after the fact, but all persons concerned therein, if guilty at all, are principals. By act of the Legislature, approved 18th January, 1843, (Digest, p. 344, secs. 8, 9, 10,) to cut or remove any timber or stone off any sixteenth section of land reserved for the use of schools, is made a misdemeanor. The defendant was indicted under this statute, and, to establish the charge, the State proved that his slave cut on, and hauled one or more loads of wood from, a sixteenth section in the vicinity of his residence, and that the same was unloaded at his house. The same witness proved that the same slave had cut and hauled off the same land several other loads of wood. Another witness proved that a wagon and mule team of the defendant’s, driven by a negro, loaded with freshly cut wood, passed out of a wood-road that lead through a portion of this land into the main road that lead to Washington, the defendant’s residence, and that the wagon was driven to and the wood unloaded at the defendant’s house. Other testimony identified the sixteenth section as that-set out in the indictment. Upon general principles, it would seem clearthat every act of a slave, done under such circumstances in proof as to make it the act of the master, would be admissible against the master to prove acts charged to have been done by him. Then, in this case, beyond the proof of the acts of the slave, it was necessary that there should have been additional testimony showing that those acts were done under such circumstances as to authorize a finding that they were done by the master’s command or procurement. The facts in proof, that the slave was his; that the wood was hauled in his own wagon, by his own mule-team, and unloaded at his house, were legitimate grounds, both for the admissibility of the evidence and for the finding of the jury. And although the whole testimony taken together is not conclusive beyond question as to the guilt of the defendant, it does not seem to be actually insufficient to support the verdict and judgment. Finding, then, no error in the Court in permitting incompetent evidence to go to the jury; and the record showing no misdirection of the-jury; and, finding no defect in the indictment, the same being technically accurate as for a misdemeanor created by the 8th section of the act cited, we are unable to perceive that the questions raised by the counsel as to the construction of the 10th section of the act, are actually involved in this case. Let the judgment be affirmed.